# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-254V
### Filed: September 21, 2017
UNPUBLISHED

|  |  |
|---|---|
| WILLIAM LAHERA,<br><br>                            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                            Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Human Papillomavirus (HPV)<br>Vaccine; Hepatitis A (Hep A)<br>Vaccine; Vasovagal Syncope |

*George Edward LaMarche, III, LaMarche Safranko Law, PLLC, Clifton Park, NY, for petitioner.*
*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 22, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he fainted and fell following receipt of Hepatitis A and Human Papillomavirus (Gardasil-9) vaccines on July 24, 2015, resulting in a fractured nose and partial avulsion and lingual displacement of his number 8 and 9 central incisors. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 2, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for vasovagal syncope and resulting injuries caused-in-fact by petitioner's Hepatitis A and HPV vaccines.  (ECF No. 12.)  On September 20, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $78,000.00.  Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $78,000.00 in the form of a check payable to petitioner, William Lahera.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

_____
)
WILLIAM LAHERA, )
)
　　　　　Petitioner, )　　　　　No. 17-0254
) SPECIAL MASTER
v. )　　　　　Nora Beth Dorsey
)
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
　　　　　Respondent. )
_____ )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.** **Compensation for Vaccine Injury-Related Items**

On June 2, 2017, the Chief Special Master issued a Ruling on Entitlement finding that

petitioner was entitled to vaccine compensation for injuries resulting from an episode syncope

following the administration of an HPV vaccination. Respondent proffers that based on the

evidence of record, petitioner should be awarded $78,000.00. This amount represents all

elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.

**II.** **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment as described below, and request that the Chief Special Master's

decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the
Court for appropriate relief. In particular, respondent would oppose any award for future
medical expenses, future lost earnings, and future pain and suffering.

A lump sum payment of $78,000.00, in the form of a check payable to petitioner, William LaHera.   This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult.   Evidence of guardianship is not required in this case.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS L. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Linda S. Renzi
LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 146
Washington, D.C. 20044-0146
Tel.:   (202) 616-4133

DATE:    September 20, 2017